UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80495-CIV-MARRA/JOHNSON

SURGICAL OUTCOME SUPPORT, INC.,

    Plaintiff,

v.

PLUS CONSULTING, LLC, and STEVEN
G. SMITH, individually,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss for *Forum Non Conveniens* and Defendant, Steve G. Smith's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (DE 2), filed May 9, 2008.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

**Background**

On April 3, 2008, Plaintiff Surgical Outcome Support, Inc. ("Plaintiff"), filed its Complaint, alleging a claim of breach of contract against Defendants Plus Consulting, LLC, and Steven G. Smith ("Smith") (together, "Defendants").  The case was subsequently removed to this Court on May 8, 2008.

Defendants now seek dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(3), the doctrine of *forum non conveniens*, and 28 U.S.C. § 1404(a).  Defendants also seek dismissal of the Complaint against Defendant Smith under Fed. R. Civ. P. 12(b)(6) for failure to state a claim

for which relief can be granted. Plaintiff responds that dismissal of the entire action is unwarranted, but Plaintiff consents to dismissal of all claims against Defendant Smith without prejudice so long as it may amend the Complaint to assert new claims against Smith.

**Discussion**

*Venue Disputes*

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may assert the defense of "improper venue." When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of demonstrating that the venue it selected is proper. *See Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (stating that plaintiff must make a prima facie showing of venue); *see also Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979); *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969); *BP Products North America, Inc. v. Super Stop 79, Inc.*, 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006); *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).[1] The Court may consider evidence outside of the pleadings and may make any findings of fact necessary to resolve a motion to dismiss for improper venue, so long as the resolution of factual disputes is not an adjudication on the merits of a case. *Bryant v. Rich*, - - F.3d - -, Nos. 06-11116 & 06-12290, 2008 WL 2469405 at *5 (11th Cir. June 20, 2008). All facts alleged in the complaint are taken as true, as long as they are not controverted by the defendant's evidence.

---

[1]The Court recognizes that the plaintiff's choice of venue is ordinarily accorded substantial deference. *See, e.g., Carrizosa v. Chiquita Brands International, Inc.*, No. 07-60821-CIV, 2007 WL 3458987 (S.D. Fla. Nov. 14, 2007). This deference, however, is only extended when a party seeks a discretionary transfer under 28 U.S.C. § 1404, not when a defendant challenges a plaintiff's choice of venue as improper. The burden always rests with the plaintiff to show that her chosen venue is proper. *See Delong*, 840 F.2d at 845; *Bartholomew*, 612 F.2d at 816.

*Delong Equipment*, 840 F.2d at 845.  In any venue dispute, all factual conflicts must be resolved in favor of the plaintiff.  *Wai*, 315 F. Supp. 2d at 1268.

Defendants seek dismissal of this action under Rule 12(b)(3), but Defendants do not argue that the Southern District of Florida is an improper venue.  Instead, Defendants state clearly that the "Contract has a 'forum selection' clause, establishing that venue may be laid in either Pennsylvania or Florida."  (Def. Mot. 2; *see also* Compl. Ex. A 17.)  Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  Defendants have not argued that this forum selection clause is unreasonable.  Thus, the Court considers the forum selection clause to be valid.  Because Florida is a valid forum under the forum selection clause, Defendants cannot seek dismissal pursuant to Rule 12(b)(3) under the plain terms of that rule.

Alternatively, Defendants seek dismissal under the doctrine of *forum non conveniens*. The federal doctrine of *forum non conveniens* allows a party to seek dismissal of an action because of the inconvenience of the plaintiff's chosen forum.  Under the doctrine, dismissal is "appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice."  *Piper Aircraft v. Reyno*, 454 U.S. 235, 249 (1981).  Contrary to Defendants assertions, however, the United States Supreme Court has recognized that *forum non conveniens* can only be invoked when the "alternative forum is abroad."  *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994).  Where the alternative forum is within the borders of the United States, the federal venue transfer statute, 28 U.S.C. § 1404, applies.  Even if the doctrine

could be applied to a domestic forum, Plaintiff has articulated a valid reason for selecting the Southern District of Florida – the bargained-for forum selection clause!  Thus, dismissal on this theory is not permitted.

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Yet again, contrary to Defendants assertions, § 1404(a) does not authorize the Court to dismiss an action. *Kontoulas v. A.H. Robins Co., Inc.*, 745 F.2d 312 (4th Cir. 1984) ("Dismissals are not authorized by the statute. . . .").[2]  Defendants can only move to transfer this case to an alternative venue. Thus, the Court will construe Defendants' motion only as a motion to transfer venue pursuant to § 1404 to the Western District of Pennsylvania and not as a motion to dismiss.[3]

In applying § 1404(a), the Court must first determine whether the alternative venue is one in which the action could have been brought originally by the plaintiff.  *See Van Dusen v. Barrack*, 376 U.S. 612, 616-17 (1964).  Section 1391(a)(1) states that venue is appropriate in a

---

[2]Defendants state that the Eleventh Circuit has stated that dismissals under § 1404(a) are permitted in *Hollis v. Florida State University*, 259 F.3d 1295 (11th Cir. 2001).  Defendants' mischaracterize this case.  In *Hollis*, the Court stated explicitly that it had "no occasion to address the district court's §§ 1404(a) and 1406(a) rulings."  *Id.* at 1300.  In a footnote, the Court addressed certain cases involving dismissal of actions subject to forum selection clauses requiring litigation to be "instituted in a particular *state court*."  *Id.* at 1300 n.5 (emphasis added). If a case is pending in a federal court and the forum selection clause stipulates that the case should only be brought in a state court, then dismissal pursuant to Rule 12(b)(3) is appropriate. However, in the instant case, the forum selection clause allows for *either* a state or federal forum. Defendants' reading of *Hollis* does not justify dismissal of this case.

[3]The only legitimate issue before the Court is whether transfer to Pennsylvania is appropriate under § 1404.  Thus, Plaintiff's argument that Defendants waived their venue objections by removing this case to federal court is irrelevant.  A motion made under § 1404 is not an objection to the propriety of venue and need not be brought before a responsive pleading.

district where "any defendant resides, if all defendants reside in the same State." Defendants represent that Defendant Smith is a resident of Pennsylvania. (Def. Mot. 3-4; Smith Aff. ¶ 1.) Likewise, Plus Consulting, LLC, is a "resident" of Pennsylvania, as it is a Pennsylvania corporation with its principal place of business in Bridgeville, Pennsylvania. (Compl. ¶ 3.) Pursuant to 28 U.S.C. § 1391(c), an action may be brought against a corporation "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Because Defendant Smith is a Pennsylvania domiciliary, and because Defendant Plus Consulting, LLC, is incorporated in Pennsylvania, Pennsylvania courts will have personal jurisdiction over both Defendants. 42 Pa. Cons. Stat. § 5301(a). The Court concludes that the Western District of Pennsylvania is a forum in which the action could have been brought in the first instance. Further, a Pennsylvania court is an appropriate forum by virtue of the forum selection clause, which stipulated that any civil action arising out of the contract be litigated in either a Florida or Pennsylvania court. (Compl. Ex. A 17.)

The second part of the inquiry involves a determination of whether the alternative forum would be more "convenient." In making this determination under § 1404(a), courts rely on a number of potential factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system. *See, e.g., D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006); *Stateline Power Corp. v. Kremer*, 404 F. Supp. 2d 1373, 1380 (S.D. Fla. 2005); *Mason v. Smithkline Beecham Clinical Laboratories*, 146 F. Supp. 2d 1355, 1359 (S.D.

Fla. 2001); *Gould v. National Life Ins. Co.*, 990 F. Supp. 1354, 1357-58 (M.D. Ala.1998).[4]  In a motion to transfer venue, the movant has the burden of persuading the trial court that the transfer is appropriate and should be granted.  *See Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla. 1996) (citing *Factors Etc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978)).

With respect to the first factor, a "plaintiff's choice of forum should not be disturbed unless it is *clearly outweighed* by other considerations."  *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B 1981)) (emphasis added).  In this case, Plaintiff has chosen the Southern District of Florida, a proper forum under both 28 U.S.C. § 1391 and the forum selection clause.  However, "when the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration."  *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).  Smith avers that the contract was executed and performed in Pittsburgh, Pennsylvania.  (Smith. Aff. ¶ 3.)  However, Plaintiff has provided the affidavit of David Loppert, who states that the agreement was revised and finalized in Florida.  (Loppert Aff. ¶ 3.)  Faced with these conflicting facts, the Court cannot reach a definitive conclusion regarding the situs of the underlying breach.  Because any issues of fact must be construed in the light most favorable to the plaintiff in a venue dispute, the Court finds

---

[4]Defendants indicate that the Court should consider the standard as annunciated by the Eleventh Circuit in *Membreno v. Costa Crociere, S.p.A.*, 425 F.3d 932, 937 (11th Cir. 2005). That case, however, involves *forum non conveniens* analysis.  The Supreme Court has made plain that "dismissals on grounds of *forum non conveniens* and § 1404(a) transfers are not directly comparable."  *Piper Aircraft*, 454 U.S. at 259 n.26.  Thus, application of the court's holding in *Membreno* to this case would amount to the application of an inappropriate standard.

that Plaintiff's choice of Florida in this case weighs against transfer of this case to another venue.

As for the remaining factors, Defendants must show that the balance of convenience "strongly favors" transfer in order to overcome the presumption in favor of the plaintiff's choice of forum.  *Mason*, 990 F. Supp. 2d at 1359; *Tampa Bay Storm*, 932 F. Supp. at 282. With respect to the second factor, convenience of the parties, the Court believes that this factor should not weigh in favor of either party, since the parties agreed by contract to litigate any disputes arising out of the contract in either Pennsylvania or Florida.  Thus, since the parties agreed ex ante that either forum was acceptable, the Court does not believe that issues of convenience should now dictate which forum is "superior."  Thus, this factor does not weigh in either party's favor.

The convenience to and availability of witnesses through compulsory service of process, likewise, does not weigh in favor of either party.  Smith lists several potential witnesses who are residents of Pennsylvania. (Smith Aff. ¶ 3.)  Likewise, Loppert lists other potential witnesses who are residents of Florida. (Loppert Aff. ¶¶ 4, 5.)  Granting a transfer of venue in this case would simply shift the inconvenience from Defendants to Plaintiff; such a transfer would not reduce the overall inconvenience to both parties.  Either way, someone will have to travel to another state.  Additionally, Defendants concede that witnesses would be subject to compulsory process in both jurisdictions. (Def. Mot. 10.)  As such, this factor does not weigh in favor of transfer.

A court in Florida or a court in Pennsylvania would have virtually equal access to sources of proof.  Defendants argue that the relevant documents and hardware are located in Pennsylvania, not Florida.  This argument is unavailing, because documents can as easily be transported and presented before a court in Florida as in Pennsylvania.  In addition, Defendants

7

have presented no facts to suggest that presenting evidence in Florida would be a significant hardship over a similar presentation in Pennsylvania.  Thus, this factor does not weigh in favor of transfer.

Defendants also argue that Plaintiffs are able to bear the cost of changing forums.  (Def. Mot. 10.)  However, Defendants offer no evidence or argument to support their claims.  Further, Defendants offer no evidence to show that they cannot bear the cost of litigating in Florida.  The Court finds that this factor also does not weigh in favor of transfer.

Finally, Defendants argue that choice of law considerations necessitate a transfer to Pennsylvania.  (Def. Mot. 10.)  Defendants argue that Pennsylvania law "probably" governs this breach of contract action.  (*Id.*)  Defendants' own diction nevertheless shows that the applicable law has yet to be determined.  In any event, Florida choice of law rules will be applied to determine the law applicable to this dispute, regardless of whether this case is transferred to Pennsylvania.  *Boardman Petroleum, Inc. v. Federal Mutual Insurance CO.*, 135 F.3d 750, 752 (11th Cir. 1998) ("Federal courts sitting in diversity apply the forum state's choice-of-law rules. It is also true, however, that when a case is transferred from one forum to another, the transferor court's choice-of-law rules apply to the transferred case. . . ."); *see also Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007) ("Faced with a choice-of-law question, federal courts in the district to which the case has been transferred under § 1404(a) must apply the law of the transferor state.").  In the event that Florida choice of law rules mandate that Pennsylvania law should apply to this case, this Court is fully competent to apply Pennsylvania law.  As such, the Court finds that this final factor weighs against transfer.

*Claims Against Defendant Smith*

In its response, Plaintiff states that it "will amend that portion of the Complaint within 20 days after this court enters an order hereon, or within any time this Court deems just and proper." (Pl. Resp. 11.) This statement suggests that Plaintiff consents to dismissal of the Complaint against Defendant Smith. Thus, the Court will dismiss the claim against Defendant Smith without prejudice and grant Plaintiff leave to amend the Complaint.

**Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for *Forum Non Conveniens* and Defendant, Steve G. Smith's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (DE 2) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants' Motion to Dismiss for *Forum Non Conveniens*, construed as a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is **DENIED**.

2. Defendant Steven G. Smith's Motion to Dismiss for Failure to State a Claim is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant Smith.

3. Plaintiff shall have ten (10) days from the date of entry of this Order to amend the Complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of July, 2008.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record